UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANGEL FIGUEROA,<br>    *Petitioner,*<br>v.<br>UNITED STATES OF AMERICA,<br>    *Respondent.* | Civil No. 3:16-cv-1075 (JBA)<br><br>April 25, 2018 |

**RULING ON PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Petitioner Angel Figueroa filed a Motion to Vacate, Set Aside, or Correct Sentence ("Mot. to Vacate") [Doc. # 1] pursuant to 28 U.S.C. § 2255 in light of the holding in *Johnson v. United States*, 576 U.S. ----, 135 S. Ct. 2551 (2015) ("2015 *Johnson*"), which struck down the Residual Clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 942(e) as unconstitutionally vague.[1] Petitioner argues that his prior Connecticut convictions for robbery in the second degree,

---

[1] The Armed Career Criminal Act provides that when a person violates 18 U.S.C. § 922(g)(1) and has three previous convictions "for a violent felony, or a serious drug offense, or both, committed on occasions different from one another," that person is subject to a mandatory minimum sentence of fifteen years. 18 U.S.C. § 924(e)(1). The term "violent felony" refers to any crime punishable by imprisonment for a term exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another....

18 U.S.C. § 924(e)(2)(B)(i–ii). Subsection (i) is commonly referred to as the "Elements Clause" because, in order to qualify under that subsection, "the use, attempted use, or threatened use of physical force" must be an element of the statute defining the crime of which the defendant was previously convicted. *See Villanueva v. United States*, 2016 WL 3248174, at *1 (D. Conn. June 6, 2016). The first half of subsection (ii) is referred to the "Enumerated Felonies Clause" because it lists four specific types of crimes that qualify as violent felonies. *Id.* The second half of subsection (ii) is referred to as the "Residual Clause" because it has traditionally been interpreted to

attempted assault in the first degree, and assault in the second degree no longer qualify as predicate "crime[s] of violence" and therefore that his sentence should be vacated. Respondent United States (the "Government") opposes the Motion, arguing that: 1) Petitioner waived his collateral attack rights, and 2) Petitioner's three prior convictions continue to qualify as violent felonies and therefore he remains subject to the ACCA's enhanced penalties. For the following reasons, Mr. Figueroa's petition must be denied.

I. Background

On August 20, 2004, police responded to a citizen report that a man named Angel was brandishing a firearm and driving a red Ford Escort. However, as the police approached the vehicle it sped away, prompting a chase through several city streets that ended only after Figueroa (the driver) ran a red light, collided with another vehicle on the road, and struck a parked car. (PSR ¶ 5.) The police recovered a loaded rifle and a plastic bag with additional bullets. (*Id.*)

On October 26, 2004, a federal grand jury returned a one-count indictment charging Figueroa with unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1). (*See* Indictment [Doc. # 1], No. 3:04-CR-314.) On February 24, 2005, Figueroa pleaded guilty to this charge. (Plea Agreement [Doc. # 14] at 1, No. 3:04-CR-314.) A "felon-in-possession" conviction normally carries a statutory maximum ten-year term of imprisonment. 18 U.S.C. § 924(a)(2). The Government, however, sought a sentencing enhancement under the Armed Career

---

encompass felonies that were considered violent notwithstanding the fact that they do not satisfy either the Elements Clause or the Enumerated Felonies Clause. *Id.*

It is the government's burden to establish whether a prior conviction qualifies under section 924(e)(2). *See United States v. Rosa*, 507 F.3d 142, 151 (2d Cir. 2007) (quoting *United States v. Brown*, 52 F.3d 415, 425 (2d Cir. 1995)). If the government meets that burden, the conviction is referred to as a "qualifying conviction."

Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), which calls for a 15-year mandatory minimum sentence where a defendant has any combination of three prior convictions for serious drug offenses or crimes of violence.

In the written plea agreement, the parties agreed that Figueroa faced a mandatory minimum penalty of fifteen years of imprisonment under the ACCA. (Plea Agreement at 2.) Moreover, Figueroa expressly waived his right to appeal or collaterally attack his sentence if that sentence did not exceed fifteen years of imprisonment:

> The defendant acknowledges that under certain circumstances he is entitled to appeal his conviction and sentence. 18 U.S.C. § 3742. It is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed 15 years. The defendant expressly acknowledges that he is knowingly and intelligently waiving his appellate rights.

(Plea Agreement at 4.)

On October 4, 2005, the district court (Kravitz, J.) sentenced Mr. Figueroa to the mandatory minimum term of imprisonment of fifteen years. On October 11, 2005, judgment entered.

On June 21, 2007, Mr. Figueroa filed a notice of appeal, which the Second Circuit dismissed as untimely. Then on June 19, 2012, Mr. Figueroa filed a motion to set aside, correct, or vacate his sentence under 28 U.S.C. § 2255. (Mot. to Vacate [Doc. # 1], No. 03:12-CV-897.) On November 9, 2012, this Court denied Mr. Figueroa's § 2255 motion as untimely and as barred by his knowing

and voluntary waiver of his collateral attack rights. (Ruling on Mot. to Vacate [Doc. # 6], 03:12-CV-897.)[2]

On June 26, 2015, the Supreme Court decided *2015 Johnson*, striking down the ACCA's residual clause as unconstitutionally vague. Relying on *2015 Johnson*, on March 22, 2016, Figueroa filed a motion seeking authorization to file a second § 2255 motion in the Second Circuit. Having received that authorization, Figueroa now seeks resentencing. In the supplemental memorandum he filed on January 11, 2017, Figueroa specifically argues that without the ACCA's residual clause, he does not have three ACCA predicate convictions and therefore should be resentenced to time served.

## II. Discussion

Section 2255 of title 28 of the United States Code provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

"Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." *Yick Man Mui v. United States*,

---

[2] Mr. Figueroa's appeal of that decision was also dismissed by the Second Circuit based upon this Court's refusal to issue a certificate of appealability, which is required in order for an applicant to appeal the denial of a § 2255 petition. (*See* Mandate [Doc. # 12], 03:12-CV-897.)

4

614 F.3d 50, 53 (2d Cir. 2010) (internal quotation marks omitted). Relief under 28 U.S.C. § 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Cuoco v. United States*, 208 F.3d 27, 30 (2d Cir. 2000) (internal quotation marks omitted). The petitioner bears the burden of proving he is entitled to relief by a preponderance of the evidence. *See Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011).

### A. Waiver

Petitioner's Memorandum makes no mention of the collateral attack waiver to which he agreed, and which this Court held once before prevented him from succeeding on a § 2255 Motion. The Court will not revisit that November 11, 2012 Ruling, which determined Petitioner had entered into that plea agreement knowingly, freely and voluntarily. (*See* Ruling Denying First Habeas [Doc. # 6] at 5-7.) Thus, the sole question is whether the intervening decision in *2015 Johnson* nullifies this waiver. The Court finds it does not.

Exceptions to the enforceability of appellate waivers "occupy a very circumscribed area of our jurisprudence." *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000). The Second Circuit has repeatedly held that a subsequent change in the law does not provide a basis for nullifying a waiver: "A defendant's inability to foresee that subsequently decided cases would create new appeal issues does not supply a basis for failing to enforce an appeal waiver." *United States v. Harrison*, 699 F.3d 158, 159 (2d Cir. 2012) (per curiam) (internal quotation marks omitted). "On the contrary, the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements." *United States v. Morgan*, 406 F.3d 135, 137 (2d Cir. 2005).

Moreover, the Second Circuit has repeatedly enforced waivers to foreclose the precise type of challenge presented by Mr. Figueroa. *See, e.g., Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016) (per curiam) (enforcing collateral attack waiver in plea agreement and declining to reach merits of Petitioner's argument that *2015 Johnson* rendered his sentence unconstitutional); *Little v. United States*, No. 16-1662 (2d Cir. Feb. 7, 2017) (attached as Ex. B [Doc. # 7-2] to Gov't Opp'n) ("We also do not consider whether, absent the collateral attack waiver, *Johnson* would entitle Petitioner to relief from his sentencing enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e).").

Accordingly, Petitioner's Motion must be denied because he expressly waived his right to collaterally attack his conviction and sentence. In light of the foregoing, the Court does not address Petitioner's arguments on the merits.

### III. Conclusion

For the foregoing reasons, Mr. Figuera's Motion to Vacate, Set Aside, or Correct Sentence is DENIED.

IT IS SO ORDERED.

/s/
_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 25th day of April 2018.