UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANGEL FIGUEROA,<br><br>*Petitioner*,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>*Respondent*. | Civil No. 3:16cv1075 (JBA)<br><br>April 28, 2021 |

**RULING DENYING MOTION FOR RECONSIDERATION AND GRANTING MOTION FOR CERTIFICATE OF APPEALABILITY**

On May 25, 2018, Petitioner Angel Figueroa filed a motion for reconsideration of the Court's April 25, 2018 ruling denying his petition under 28 U.S.C. § 2255 and requests a certificate of appealability. (Mot. [Doc. # 9] at 1; Request for Certificate [Doc. # 10].) For the reasons that follow, Mr. Figueroa's motion for reconsideration is denied, but a certificate of appealability will issue.

### I.     Legal Standard

Motions for reconsideration "shall be filed and served within seven (7) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the Court overlooked." D. Conn. L. R. 7(c)(1). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds for justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedures* § 4478 (1st ed. 1981)).

### II.     Discussion

    *a. Motion for Reconsideration*

1

Mr. Figueroa's counsel untimely filed his motion for reconsideration thirty days after the Court denied his petition without explanation for this delay. Thus, his motion for reconsideration is procedurally defective and is denied. However, even if the merits were to be considered, they fail.

Mr. Figueroa discusses the Supreme Court's decision in *Class v. United States*, 138 S. Ct. 798, 803 (2018), which is not an intervening change of controlling law regarding the enforceability of appellate review waivers contained in guilty pleas because it issued before the ruling he challenges. Defendant relies on *Class* to claim that "enforcing the waiver in this case would result in a miscarriage of justice." (Mot. at 1-2.) In *Class*, the Supreme Court held that the acceptance of a guilty plea alone does not bar a criminal defendant from later appealing that conviction on constitutional grounds. 138 S. Ct. at 801-802. The defendant in *Class* had pleaded guilty to possessing a firearm on U.S. Capitol grounds and waived certain rights,[1] but notably absent from the plea agreement was any reference to a waiver of the right to directly appeal the conviction on constitutional grounds. *Id.* The Supreme Court rejected the Government's argument that "by entering a guilty plea, [a defendant] inherently relinquishes his constitutional claims." *Id.* at 802, 806. Since his plea agreement did "not expressly refer to a waiver of the appeal right here at issue," Class was permitted to bring his constitutional claims on direct appeal. *Id.* at 806-807.

The Supreme Court's holding in *Class* was limited to direct appeals and did not discuss its applicability to waivers of collateral attacks. *United States v. Peppers*, 899 F.3d 211, 225,n.7 (3d Cir. 2018) ("The court's holding [in *Class*], however, was cabined to direct appeal.") Moreover, Mr. Figueroa, unlike Class, expressly waived his right to appeal or collaterally attack his sentence as set forth in the plea agreement. (Ruling at 3.) *Class* applied to guilty pleas only in the absence of express waivers and Defendant provides no rationale as to why that holding would impact the analysis of this case, where Mr. Figueroa agreed to such a waiver.

---

[1] Class's plea agreement waived: "(1) All defenses based upon the statute of limitations; (2) several specified trial rights; (3) the right to appeal a sentence at or below the judicially determined, maximum sentencing guideline range; (4) most collateral attacks on the conviction and sentence; and (5) various rights to request or receive information concerning the investigation and prosecution of his criminal case." *Id.* at 802. It also stated that "[n]o agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements . . . be made unless committed to writing and signed. . . ." *Id.*

Further, Defendant does not challenge the constitutionality of the statute of his conviction as in *Class*. Rather, he challenges a sentencing enhancement applied to him. *See Peppers*, 899 F.3d at 225, n.7 ("[*Class*] does not bear on our resolution of whether Peppers's (C) plea precludes his *Johnson* claim because Peppers is not collaterally attacking the constitutionality of the statute underlying his conviction. . . . Instead, his *Johnson* claim is directed at a sentencing enhancement[, the ACCA]."); *Allen v. United States*, 2019 WL 4723141, at *1, n.1 (D. Conn. Sept. 26, 2019) (holding *Class* inapposite because "petitioner only attacks his sentence," not the constitutionality of the statute of conviction).

The Court disagrees with Mr. Figueroa that the Government impliedly conceded the unenforceability of its waiver because it has subsequently changed the language of its standard plea agreement. A change in the plea agreement language regarding waivers, without an intervening change of law finding such prior waivers unenforceable, does not amount to admission of unenforceability.

      b.  *Certificate of Appealability*

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Although the Court rejects the basis of Mr. Figueroa's motion for reconsideration, it does acknowledge that one circuit has concluded that defendants who entered into guilty pleas waiving their appellate rights may still appeal their sentence where it exceeds the statutory maximum absent the Armed Career Criminal Enhancement, whose residual clause was deemed unconstitutional in *Johnson*. *See United States v. Cornette*, 932 F.3d 204, 210 (4th Cir. 2019) ("In

3

sum, because the residual clause was struck from the ACCA in *Johnson* and the Supreme Court determined in *Welch* that *Johnson* announced a substantive rule that applied retroactively, the district court is now deemed to have no statutory authority to impose Cornette's sentence under the residual clause of the ACCA. Accordingly, we may review Cornette's sentencing challenge notwithstanding the appeal waiver."). *But see United States v. Barnes*, 953 F.3d 383, 388, n.9 (5th Cir. 2020) (enforcing the defendant's collateral-review waiver despite his sentence exceeding the current statutory maximum, noting that "[m]ost other circuits," including the Second Circuit, have done the same). Because Mr. Figueroa was sentenced to fifteen years' incarceration, in excess of the ten-year maximum without the ACCA enhancement, (*see* Ruling at 2-3), it is possible that a reasonable jurist could conclude that his waiver should be unenforceable. Accordingly, a certificate of appealability will issue.

### III. Conclusion

For the reasons discussed above, Petitioner's Motion for Reconsideration [Doc. # 8] is DENIED and his Motion for a Certificate of Appealability [Doc. # 9] is GRANTED.

IT IS SO ORDERED.

    /s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 28th day of April 2021.